**Opinion filed August 31, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00206-CR

_____

## BILLY DAMONE GALLOWAY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR36753**

## M E M O R A N D U M   O P I N I O N

Billy Damone Galloway appeals his conviction by a jury of the offense of driving while intoxicated with child passengers. The jury assessed his punishment at twenty-one months in the Texas Department of Criminal Justice, State Jail Division. He contends in two issues that the evidence is legally and factually insufficient to support the verdict and that the trial court erred in denying his counsel's motion to withdraw. We affirm.

Galloway contends in Issue One that the evidence is legally and factually insufficient to support his conviction. We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is

"no meaningful distinction between the *Jackson v. Virginia*[1] legal-sufficiency standard and the *Clewis*[2] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We will review Galloway's factual sufficiency challenge under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Brad Barnes testified that he was employed with the Midland Police Department as a night-shift patrol officer. He said that, on the evening of October 28, 2009, he received a dispatch call concerning a disturbance at the corner of Marienfeld and Tennessee. He indicated that the first thing he saw once he arrived there were the taillights from the vehicle as it was trying to exit a parking lot. He related that the vehicle stopped after he got behind it and turned on his lights. He affirmed that it was a public place located in Midland County.

Officer Barnes testified that Galloway leaned on his vehicle as he exited it. He indicated that there was an odor of alcoholic beverage emanating from Galloway and his clothing. He said Galloway told him that he had been drinking a malt-liquor-type beer beverage, but he could not recall Galloway telling him how much he had drunk. He confirmed that Galloway's wife and children were in the vehicle. He indicated that the children were ages two, eight, and eleven. He said that he did not perform field sobriety tests at that time and location because, with the children crying and screaming, he thought it better to let them go ahead and leave.

Officer Barnes said that, after arresting Galloway, he took him to Midland Memorial Hospital and obtained a blood draw. He said he turned the blood vial he obtained in as evidence at the Midland Police Department. Galloway and the State stipulated that the test showed that the blood sample taken from Galloway contained 0.19 grams of alcohol per 100 milliliters of blood. Officer Barnes related that he then took Galloway to jail, where Galloway performed

---

[1] *Jackson v. Virginia*, 443 U.S. 307 (1979).

[2] *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

three field sobriety tests:  the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg-stand test.  He said that he gathered clues of Galloway being intoxicated from all three tests.

Galloway testified that his wife and children had walked to meet him from his wife's place of employment.  He acknowledged that he had been drinking while on the job.  He said he thought the parking lot was private property and that his intention was for his wife to drive.  We hold that the evidence is sufficient to support Galloway's conviction.  We overrule Issue One.

Galloway urges in Issue Two that the trial court erred by denying his trial counsel's motion to withdraw.  The standard of review for a trial court's decision on whether to allow a lawyer to withdraw from a case is abuse of discretion.  *Green v. State*, 840 S.W.2d 394, 408 (Tex. Crim. App. 1992).  The right to counsel may not be manipulated to obstruct the judicial process or interfere with the administration of justice.  *Id.*  The record reflects that, shortly before trial, counsel for Galloway called the trial court's attention to the fact that he had earlier filed a motion to withdraw that had not been ruled on because a continuance was given after Galloway had given the court the name of an attorney whom he intended to hire.  Galloway never hired other counsel.  Counsel for Galloway also noted for the record that Galloway had neither returned his phone calls nor come to see him prior to trial.  The trial court denied counsel's motion to withdraw.  We hold that the trial court did not abuse its discretion in denying counsel's motion to withdraw.

Galloway urges that the trial court abused its discretion by not granting the motion to withdraw and allowing him to obtain other counsel because his counsel's efforts were hampered by Galloway not communicating with him.  As noted, the record reflects that Galloway had chosen not to communicate with his counsel and had previously been given the opportunity to acquire other counsel but that he had failed to do so.  We overrule Issue Two.

The judgment is affirmed.

PER CURIAM

August 31, 2011

Do not publish.  *See* Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[3]

---

[3]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

3